JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0894 AG (ANx) | Date | June 13, 2013 |
|---|---|---|---|
| Title | PREEMINENT INVESTMENT CORPORATION v. BARBARA LOUISE ANDERSON | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:**    **[IN CHAMBERS] ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Preeminent Investment Corporation ("Plaintiff") filed an unlawful detainer action against Defendant Barbara Louise Anderson ("Defendant") in state court. Defendant filed a Notice of Removal and an ex parte request for a temporary restraining order ("TRO Request"). For the reasons that follow, the Court REMANDS the case to state court and declines to rule on the TRO Request.

Plaintiff's Complaint states a simple state cause of action for unlawful detainer. Defendant's Notice of Removal does not assert a basis for federal jurisdiction. Instead, Plaintiff states that she removed the case because she "feels that she will get a fairer trial in the federal court with evidence." (Notice of Removal, at 1:22-23.) This is not an adequate basis for removal. The Court thus finds that Defendant has not met her burden of establishing federal jurisdiction. *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006) (holding that removing defendants have "always borne the burden of establishing federal jurisdiction"). Because the Court has no jurisdiction over this case, the Court does not rule on Plaintiff's TRO Request.

Further, in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent

JS - 6
### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0894 AG (ANx) | Date | June 13, 2013 |
|---|---|---|---|
| Title | PREEMINENT INVESTMENT CORPORATION v. BARBARA LOUISE ANDERSON | | |

subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

The Court also notes that Defendant is representing herself without a lawyer. People who represent themselves in court without a lawyer are called "pro se litigants." Whether acting as plaintiffs or defendants, pro se litigants in federal court face special challenges. The Public Law Center runs a Federal Pro Se Clinic at the Santa Ana federal courthouse where pro se litigants can get free information and guidance. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, CA. For more information about the clinic, visit http://court.cacd.uscourts.gov/cacd/ProSe.nsf and select "Pro Se Clinic - Santa Ana."

### DISPOSITION

Defendant has failed to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

: 0

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0894 AG (ANx) | Date | June 13, 2013 |
|---|---|---|---|
| Title | PREEMINENT INVESTMENT CORPORATION v. BARBARA LOUISE ANDERSON | | |

Initials of Preparer

lmb